UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Bailey Aaron Hall,<br><br>    Defendant | Case No.: 2:16-cr-00321-JAD-GWF<br><br>**Order Denying Motion to Vacate<br>§ 924(c) Conviction under *U.S. v. Davis*** <br><br>[ECF No. 82] |

    Bailey Aaron Hall was convicted of interference with commerce by robbery under the Hobbs Act[1] and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) after pleading guilty to a string of armed robberies of fast-food joints and a convenience store.[2] At the time of Hall's conviction, the statute offered two ways for an underlying offense to qualify as "a crime of violence," but a month later the United States Supreme Court struck down one of them as unconstitutionally vague in *United States v. Davis*.[3] Hall now moves this court to vacate his firearm conviction under *Davis*.[4] Because the Ninth Circuit has since reaffirmed that Hobbs Act robbery is a crime of violence under § 924(c)'s remaining clause, I deny Hall's motion and a certificate of appealability.

---

[1] 18 U.S.C. § 1951.

[2] ECF No. 77 (judgment).

[3] *United States v. Davis*, 139 S. Ct. 2319, 2336–37 (2019).

[4] ECF No. 82 (motion).

**Background**

In November 2017, Hall pleaded guilty to three counts of interference with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and a single count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).[5] Hall waived his right to challenge his sentence on direct appeal or on collateral attack under 18 U.S.C. § 2255, reserving only his right to appeal any upward departure from his sentencing-guideline range.[6] I sentenced Hall in May 2019 to a total of 180 months in custody (a 96-month concurrent sentence for the robbery counts, plus an 84-month consecutive sentence for the firearm count), a within-guidelines sentence.[7] Hall did not appeal, but he now moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for the firearm count.

Section 924(c) of Title 18 of the U.S. Code carries heightened criminal penalties[8] for defendants who use, carry, or possess a firearm during and in relation to a "crime of violence." The statute defines "crime of violence" in two subsections. Section 924(c)(3)(A), commonly known as the "elements clause," defines a crime of violence to include a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[9] Alternatively, § 924(c)(3)(B), known as the "residual clause," includes any felony "that[,] by its nature, involves a substantial risk that physical force against the person or property

---

[5] ECF No. 14 (criminal indictment); ECF No. 43 at 2 (plea agreement).

[6] *Id.* at 13.

[7] ECF Nos. 74; 77.

[8] *See Davis*, 139 S. Ct. at 2324 (explaining that "[v]iolators of § 924(c) face a mandatory minimum sentence of five years in prison, over and above any sentence they receive for the underlying crime of violence or drug trafficking crime," seven years for brandishing the firearm, and ten years for a discharge, plus other enhancements based on the firearm model and repeat violations).

[9] 18 U.S.C. § 924(c)(3)(A).

of another may be used in the course of committing the offense."[10]  Neither Hall's indictment nor his plea agreement specifies whether his underlying offense—Hobbs Act robbery—qualified as a crime of violence under the elements clause or the residual clause.[11]

In June 2019, the Supreme Court held in *United States v. Davis* that the residual clause's crime-of-violence definition is unconstitutionally vague, and it remanded the case to allow the lower courts to determine "exactly what that holding mean[t]" for the *Davis* defendants' Hobbs Act robbery, Hobbs Act conspiracy, and firearms convictions and sentences.[12]  Hall contends that his § 924(c) conviction must be vacated because, under *Davis*, Hobbs Act robbery no longer qualifies as a crime of violence at all.[13]  The government opposes his motion, arguing that Hall's challenge is procedurally defaulted, waived, and fails on its merits because the Ninth Circuit held in *United States v. Dominguez*[14] that Hobbs Act robbery remains a crime of violence under the elements clause of § 924(c).[15]  I consider each argument in turn.[16]

---

[10] *Id*. at § 924(c)(3)(B).

[11] *See generally* ECF Nos. 14, 43.

[12] *Davis*, 139 S. Ct. at 2336.

[13] ECF No. 82.

[14] *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020).

[15] ECF No. 84.

[16] Hall argues that his habeas petition is timely because *Davis* announced a new rule that alters the range of conduct and class of persons that can be punished under § 924(c).  ECF No. 82 at 4.  Because the government does not dispute this point, I assume without deciding that the petition is timely, and I deny it for other reasons.  I also find that this motion is suitable for disposition without a hearing because Ninth Circuit authority clearly precludes relief.

3

**Discussion**

**I.     Hall didn't waive this collateral challenge.**

The government contends that Hall waived his right to lodge this *Davis* challenge because his written plea agreement contains a waiver of the right to collaterally attack his sentence.[17] Hall responds that this § 2255 motion is properly before this court despite that waiver because "a plea waiver cannot be enforced when the sentence" is based on a provision the Supreme Court has determined is unconstitutional.[18] "A sentence is illegal if it . . . violates the Constitution."[19] Because Hall argues that *Davis* invalidated his § 924(c) conviction based on unconstitutional vagueness, his plea waiver doesn't bar this motion.

**II.    Hall procedurally defaulted his claim for relief.**

Though the waiver in Hall's written plea agreement may not be an obstacle to his motion, Hall's failure to raise this challenge on direct appeal is. A defendant who fails to raise a claim on direct review is deemed to have procedurally defaulted it and may only raise it in habeas if he can demonstrate cause and actual prejudice or actual innocence.[20] The government argues that Hall isn't entitled to relief because he didn't raise his claims in a direct appeal and has therefore procedurally defaulted his claim that his § 924(c) conviction is invalid for lack of a qualifying predicate offense.[21] It also argues that Hall can't show cause or prejudice to excuse his procedural default.[22] Hall responds that the procedural-default rule doesn't apply here because

---

[17] ECF No. 84 at 9.
[18] ECF No. 82 at 5.
[19] *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).
[20] *Bousley v. United States*, 523 U.S. 614, 622 (9th Cir. 1998) (citations omitted).
[21] ECF No. 84 at 4.
[22] *Id.*

the court lacked jurisdiction to convict him because the government failed to make out a federal offense.[23] Alternatively, he argues that his default is excused because *Davis* announced a new, retroactive rule that constitutes cause and establishes his prejudice.[24]

### A. *Hall cannot rely on a jurisdictional defect.*

Hall argues that his claim is exempt from the procedural-default rule because it ultimately challenges this court's jurisdiction. He cites *United States v. Montilla*[25] for the proposition that his claim challenges the constitutionality of applying the Hobbs Act to § 924(c) and that the indictment fails to state an offense.[26] The Ninth Circuit's holding in *United States v. Chavez-Diaz*[27] forecloses this argument. In *Chavez-Diaz*, the court explained that the jurisdictional exception "applies 'where on the face of the record the court had no power to enter the conviction or impose the sentence.'"[28] Thus, these limited challenges are predicated on scenarios "where [an] appeal, if successful, would mean that the government cannot prosecute the defendant *at all*."[29] Hall's challenge does not raise a jurisdictional defect excused from the procedural-default rule because he doesn't argue that the government lacked the power to prosecute him for these acts or that Congress lacked the power to pass either statute.[30]

---

[23] ECF No. 85 at 3.

[24] *Id*. at 5–7.

[25] *United States v. Montilla*, 870 F.2d 549 (9th Cir. 1989).

[26] ECF No. 85 at 4.

[27] *United States v. Chavez-Diaz*, 949 F.3d 1202, 1208 (9th Cir. 2020).

[28] *Id.* (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)).

[29] *Id.* (citation omitted) (emphasis in original).

[30] *See id.* at 1208–09.

### B. *Hall can't show cause to excuse his procedural default.*

Hall can't establish cause to excuse his procedural default. A defendant fails to meet his burden to show that his claim wasn't "reasonably available to counsel" when, at the time of his plea, "the Federal Reporters were replete with cases involving [similar] challenges."[31] *Davis* itself confirms that the vagueness challenge to the residual clause was heavily litigated "among the lower courts"[32] during the pendency of Hall's prosecution, and this district was no exception.[33] It is of no consequence that the argument would not have been successful at the time. As the Supreme Court reiterated in *Bousley v. United States*, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."[34]

### C. *Hall cannot establish prejudice.*

Even if Hall could show cause, he cannot establish prejudice because Hobbs Act robbery remains a crime of violence in this circuit under the elements clause. *Davis* held only that § 924(c)'s residual clause is unconstitutionally vague. After *Davis*, courts have been confronted with the question of whether a Hobbs Act conviction can stand under the remaining elements clause. The Ninth Circuit answered that question with an emphatic "yes" in *United States v. Dominguez*: "In light of recent Supreme Court cases, we . . . reiterate our previous holding that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)."[35]

---

[31] *Bousley*, 523 U.S. at 622.

[32] *Davis*, 139 S. Ct. at 2325.

[33] *See* ECF No. 84 at 6–7 (collecting cases).

[34] *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted) (quoting *Engle v. Isacc*, 456 U.S. 107, 130 n.35 (1982)).

[35] *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir., Apr. 7, 2020).

Hall argues that I shouldn't rely on *Dominguez* because it's not a final decision—the appellant in that case moved for reconsideration and may still seek certiorari.[36] But reconsideration was denied,[37] and the potential to petition for Supreme Court review does not allow me to avoid the *Dominguez* panel's holding. "[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority."[38] Because *Dominguez* is the law of this circuit, this court is bound by it,[39] and I decline Hall's invitation to ignore it. That holding renders Hall unable to establish actual prejudice because, even if the residual clause no longer makes Hobbs Act robbery a crime of violence, the elements clause still does. Hall thus cannot establish prejudice to excuse his procedural default. And even if this claim were not defaulted, I would deny Hall's petition on its merits because his § 924(c) conviction remains valid under the elements clause and binding Ninth Circuit law.

## Conclusion

IT IS THEREFORE ORDERED that Hall's motion to vacate under 28 U.S.C. § 2255 **[ECF No. 82] is DENIED**. And because reasonable jurists would not find this determination

---

[36] ECF No. 82 at 7–8.

[37] *See United States v. Dominguez*, No. 14-10268 (petition for rehearing and for rehearing en banc denied 8/24/2020; mandate issued 9/1/2020).

[38] *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).

[39] *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) ("Under our law of the circuit doctrine, a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so." (internal quotations omitted)). *See also United States v. Tuan Ngoc Luong*, 965 F.3d 973, 990 (9th Cir., July 17, 2020) ("For the same reasons as those set forth in *Dominguez*, we hold Hobbs Act robbery constitutes a predicate crime of violence, and therefore affirm Luong's conviction on count 2.").

debatable, wrong, or deserving of encouragement to proceed further,[40] **a certificate of appealability is DENIED.** The Clerk of Court is **DIRECTED to enter a separate civil judgment denying Hall's § 2255 petition and denying a certificate of appealability**. The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:20-cv-01062-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
January 22, 2021

---

[40] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).